IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CASE NO. 1:25-CR-00046-H-BU |
| | § | |
| | § | |
| GANDHY MERCEDES RENTERIA-MUNOZ (1) | § | |
| | § | |

**REPORT AND RECOMMENDATION ON PLEA OF GUILTY**
**BEFORE UNITED STATES MAGISTRATE JUDGE**

Defendant, GANDHY MERCEDES RENTERIA-MUNOZ (1), by consent and under the authority of *United States v. Dees*, 125 F.3d 261 (5th Cir. 1997), appeared with counsel before the undersigned United States magistrate judge for the purpose of entering a plea of guilty under Rule 11 of the Federal Rules of Criminal Procedure.

Defendant was placed under oath and personally examined in open court by the undersigned concerning the subjects in Rule 11(b)(1) and the undersigned determined that Defendant understood each subject.

Defendant pleaded guilty, under a plea bargain agreement with the government, to Count One of the one-count Indictment charging Defendant with a violation of 8 U.S.C. §§ 1326(a), 1326(b)(1), and 6 U.S.C. §§ 202(3), 202(4), and 557 Illegal Re-Entry After Deportation.[1] After examining Defendant under oath, the undersigned magistrate judge finds the following:

>   1. Defendant, upon advice of counsel, has consented orally and in writing to enter this guilty plea before a magistrate judge subject to final approval and sentencing by the presiding district judge;

---

[1] Although the Factual Resume does not include facts to support Defendant's prior conviction for an offense punishable under 8 U.S.C. § 1326(b)(1), Defendant testified during rearraignment that he was convicted in 2020 in the Western District of Texas, El Paso Division, for illegal re-entry after deportation under 8 U.S.C. § 1326(a). Thus, the undersigned recommends acceptance of his plea under 8 U.S.C. §§ 1326(a) and (b)(1).

1

2. Defendant fully understands the nature of the charges, including each essential element of the offense(s) charged, and the associated penalties;

3. Defendant fully understands the terms of the plea agreement and plea agreement supplement;

4. Defendant understands all constitutional and statutory rights and wishes to waive those rights, including the right to a trial by jury and the right to appear before a United States district judge;

5. Defendant's plea is made freely and voluntarily;

6. Defendant is competent to enter this plea of guilty;

7. There is a factual basis for Defendant's plea of guilty; and

8. The ends of justice are served by acceptance of Defendant's plea of guilty.

Based on the above, I recommend that Defendant's plea of guilty be accepted, that Defendant be adjudged guilty, and that sentence be imposed accordingly.

Although I have conducted these proceedings and accepted Defendant's plea of guilty, the United States District Judge has the power to review my actions and possesses final decision-making authority in this proceeding.

## WAIVER OF 14-DAY OBJECTION PERIOD

Defendant understands that he has fourteen (14) days to file any objections to this Report and Recommendation under 28 U.S.C. 636(b)(1)(B). After consulting with counsel, Defendant has elected to waive the objection period and signed a written waiver to that effect. During rearraignment, the undersigned examined Defendant on his decision to waive the objection period and found that it was knowingly and voluntarily made. Defendant understands that the waiver allows the United States district judge to immediately enter an order on the Report and Recommendation, but it does not entitle Defendant to an expedited consideration of the Report and Recommendation by the District Judge. The Government has also filed a waiver of the 14-day objection period. Thus, the undersigned further recommends that the District Judge accept the

Parties' waiver of the 14-day objection period and proceed directly to a consideration of this Report and Recommendation.

    The Clerk will furnish a copy of this Order to each of attorney of record.

    Signed on: 9th day of July, 2025.

                                                   JOHN R. PARKER  
                                                   UNITED STATES MAGISTRATE JUDGE